# UNITED STATES DISTRCT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MARY RUCKEBEIL, | ) | |
| | ) | No. 15 C 08259 |
| Plaintiff, | ) | |
| | ) | Judge Marvin E. Aspen |
| v. | ) | |
| | ) | |
| CANCER TREATMENT CENTERS | ) | |
| OFAMERICA, INC., and LISA JOYCE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Mary Ruckebeil ("Plaintiff") sues Defendants, Cancer Treatment Centers of America, Inc. ("CTCA") and Lisa Joyce ("Joyce") (collectively, "Defendants"), for violations of the Family and Medical Leave Act ("FMLA"), the Americans with Disabilities Act ("ADA"), and the Illinois Human Rights Act ("IHRA"). Presently before us is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, we grant Defendants' motion in part and deny it in part.

## BACKGROUND

Plaintiff brings this action against her former employer, CTCA, and her supervisor Joyce. (Compl. ¶ 9.) Plaintiff started working for CTCA in 2011 and began reporting to Joyce in May 2013. (*Id*. ¶¶ 7–8.) As a single mother and primary caregiver for two children with serious health problems, Plaintiff applied for and was granted intermittent FMLA leave to care for her son and daughter. (*Id.* ¶¶ 11–13.) As Plaintiff increasingly took FMLA leave, Joyce gave Plaintiff both verbal and written warnings for allegedly violating CTCA's attendance policy and

phone usage policy relating to personal calls. (*Id.* ¶¶ 15–16.) Plaintiff alleges that Joyce began to "watch Plaintiff like a hawk" and point out every mistake Plaintiff made. (*Id.* ¶ 17.) On July 8, 2014, Joyce placed Plaintiff on a thirty day Performance Management Performance Improvement Plan ("PIP") due to Plaintiff's allegedly unsatisfactory work performance. (*Id.* ¶ 18.) Prior to this PIP, Joyce had never given Plaintiff verbal or written warnings related to Plaintiff's work performance. (*Id.* ¶ 19.) In support of the PIP, Joyce told Plaintiff that she "had a pattern of being absent on Mondays and Fridays." (*Id.* ¶ 20.) Plaintiff informed Joyce that these Monday and Friday absences were approved FMLA leaves. (*Id.* ¶ 21.) During this PIP, whenever Plaintiff took a day of FMLA leave, Joyce extended the PIP by one day. (*Id.* ¶¶ 22–23.) Joyce acknowledged improvement in Plaintiff's work performance in Plaintiff's July 2014 PIP report. (*Id.* ¶ 22.)

In early August 2014, Joyce initiated a second PIP for Plaintiff after Plaintiff took additional FMLA leave days and met with Joyce about her daughter's health. (*Id.* ¶¶ 24–27.) Plaintiff alleges that Joyce initiated the second PIP the same day Plaintiff met with Joyce. (*Id.* ¶ 27.) Joyce told Plaintiff that the second PIP could not be extended for FMLA days and would end on September 2, 2014. (*Id.* ¶ 28.) During her second PIP period in August, Plaintiff took FMLA leave for eleven and a half days. (*Id.* ¶ 30.) On September 3, 2014, CTCA's human resources representative fired Plaintiff for not successfully finishing the second PIP. (*Id.* ¶ 36.)

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to "test the sufficiency of the complaint, not to decide the merits" of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable

inferences in the plaintiff's favor. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011); *Thompson v. Ill. Dep't. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must include a short and plain statement of the claim, showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Accordingly, a court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim [for] relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697, 129 S. Ct. 1937, 1960 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955). Although a facially plausible claim need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955). These requirements ensure that "the defendant [receives] fair notice of what the . . . claim is and the grounds upon which it rests . . . ." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (2007)).

## ANALYSIS

### A. FMLA Interference Claim (Count I)

Plaintiff brings an FMLA interference claims against both her employer CTCA and her supervisor Joyce. (Compl. ¶¶ 37–43.) We first address Plaintiff's claim against CTCA.

####    *i.* *Defendant CTCA*

The FMLA allows an eligible employee leave to care for a child who suffers from a serious health condition. 29 U.S.C.A. § 2612(a)(1)(C). The FMLA prevents an employer from "interfer[ing] with, restrain[ing], or deny[ing] the exercise of or attempt to exercise" rights provided in the FMLA. 29 U.S.C. § 2615(a)(1). To establish an FMLA interference claim, "an employee must show that: (1) she was eligible for the FMLA's protections; (2) her employer was covered by the FMLA; (3) she was entitled to take leave under the FMLA; (4) she provided sufficient notice of her intent to take leave; and (5) her employer denied her FMLA benefits to which she was entitled." *Goelzer v. Sheboygan Cty., Wis.*, 604 F.3d 987, 993 (7th Cir. 2010); *Burnett v. LFW, Inc.,* 472 F.3d 471, 477 (7th Cir. 2006); *Ryan v. Pace Suburban Bus Div. of Reg'l Transp. Auth.*, 837 F. Supp. 2d 834, 838 (N.D. Ill. 2011).

To establish the first four elements, Plaintiff need only assert she took leave under the FMLA. *Goelzer*, 604 F.3d at 993 (finding that first four elements of FMLA interference claim undisputed when Plaintiff alleged he took FMLA leave); *Ryan*, 837 F. Supp. 2d at 838. Plaintiff alleges she took FMLA leave in 2013 and 2014. (Compl. ¶ 14.)

The only element at issue is the fifth element—whether Defendant denied Plaintiff FMLA benefits to which she was entitled. "Firing an employee to prevent her from exercising her right to return to her prior position can certainly interfere with that employee's FMLA rights." *Goelzer*, 604 F.3d at 993; *see also Nicholson v. Pulte Homes Corp.*, 690 F.3d 819, 827

(7th Cir. 2012) (finding that a termination may constitute a denial of FMLA benefits); *Ryan*, 837 F. Supp. 2d at 838; *Davis v. Metro. Pier & Exposition Auth.*, No. 11 C 9018, 2012 WL 2576356, at *14 (N.D. Ill. July 3, 2012) (dismissing defendant's motion to dismiss FMLA interference claim where plaintiff alleged defendant failed to restore plaintiff to her job duties after her return from FMLA leave). Plaintiff alleges that CTCA terminated Plaintiff's employment and "prevented [her] from exercising [her] right to reinstatement." *Nicholson*, 690 F.3d at 839. (Compl. ¶ 36.) Therefore, Plaintiff has sufficiently alleged the fifth element of her FMLA interference claim.

Because Plaintiff satisfies all five elements, Defendants' motion to dismiss Count I against CTCA is denied.

### ii. Defendant Joyce

Plaintiff also brings an FMLA interference claim against Joyce, an individual defendant. An individual may be liable under the FMLA if she "had supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation." *Evans v. Henderson*, No. 99 C 8332, 2000 WL 1161075, at *3 (N.D. Ill. Aug. 16, 2000) (citing *Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987). Additionally, an individual defendant need not "exercise exclusive control over all the day-to-day affairs of the employer so long as he or she possesses control over the aspect of the employment alleged to have been violated." *Evans*, 2000 WL 1161075, at *3 (internal citation omitted) (denying motion to dismiss FMLA claims against individual defendants who allegedly participated in termination of plaintiff); *Freemon v. Foley*, 911 F. Supp. 326, 331 (N.D. Ill. 1995) (denying individual defendants' motion for summary judgment where defendants recommended to supervisor that plaintiff be fired).

Here, Plaintiff alleges that Joyce was at least partially responsible for alleged violations. Plaintiff alleges that she reported to Joyce, Joyce placed her on a PIP because of her FMLA leave, and Joyce held her FMLA-protected leave against her in administering the PIP. (Compl. ¶¶ 8, 27–28, 42.) Therefore, Defendant Joyce's motion to dismiss the FMLA interference claim is denied.

### B.    FMLA Discrimination/Retaliation Claim (Count II)

Plaintiff brings claims against both CTCA and Joyce for discriminating and retaliating against her for exercising her rights under the FMLA. (Compl. ¶¶ 44–46.) We will first address Plaintiff's claim against CTCA.

#### i.    Defendant CTCA

Along with prohibiting interference with rights provided by the FMLA, the FMLA also prohibits employers from retaliating or discriminating against employees for engaging in statutorily protected activity.[1] *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 670 (7th Cir. 2011); *Malone v. Securitas Sec. Servs.*, No. 13 C 8747, 2015 WL 5177549, at *2 (N.D. Ill. Sept. 3, 2015).

A plaintiff may use either a direct method or an indirect method to support an FMLA discrimination/retaliation claim. *Burnett*, 472 F.3d at 481 (citing *Buie,* 366 F.3d at 503); *Simpson*, 559 F.3d at 717. Under the direct method, a plaintiff "must present evidence of (1) a statutorily protected activity; (2) a materially adverse action taken by the employer; and (3) a causal connection between the two." *Ames*, 629 F.3d at 670 (citing *Caskey v. Colgate–Palmolive Co.*, 535 F.3d 585, 593 (7th Cir. 2008)); *Malin v. Hospira, Inc.*, 762 F.3d 552, 562

---

[1] The Court evaluates a FMLA retaliation claim in the same manner as it would evaluate a claim of retaliation. *Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 503 (7th Cir. 2004).

(7th Cir. 2014). Under the indirect method, a plaintiff "must establish a prima facie case by showing that she (1) engaged in a statutorily protected activity; (2) met her employer's legitimate expectations; (3) suffered an adverse employment action; and (4) was treated less favorably than similarly situated employees who did not engage in statutorily protected activity." *Simpson*, 559 F.3d at 718 (citing *Caskey*, 535 F.3d at 593); *Coleman v. Illinois Dep't of Human Servs.*, No. 09 C 3596, 2013 WL 5348314, at *20 (N.D. Ill. Sept. 24, 2013).

We will proceed under the direct method; Plaintiff does not allege proof sufficient to support an indirect claim, specifically, that she "was treated less favorably than similarly situated employees." *Simpson*, 559 F.3d at 718. In contrast, under the direct method, Plaintiff satisfies all three elements of her FMLA discrimination/retaliation claim. As to the first two elements, Plaintiff alleges that she "engaged in a statutorily protected activity" by requesting FMLA leave from CTCA and suffered from "a materially adverse action taken by the employer" when CTCA terminated her. *Id.* at 717; *Cardenas v. First Midwest Bank*, 114 F. Supp. 3d 585, 593 (N.D. Ill. 2015). (Compl. ¶¶ 13–14, 45.)

As to the third element, Plaintiff sufficiently pleads a plausible causal connection between Plaintiff's request for FMLA leave and her termination by CTCA. To establish causation under the FMLA, a plaintiff may plead a "convincing mosaic of circumstantial evidence" to allow the inference of a causal connection. *Pagel v. TIN Inc.,* 695 F.3d 622, 631 (7th Cir. 2012); *Cardenas*, 114 F. Supp. 3d at 595. The "convincing mosaic of circumstantial evidence may include suspicious timing, ambiguous statements from which retaliatory intent can be drawn, evidence of similar employees being treated differently, or evidence that the employer offered a pretextual reason for the termination." *Pagel*, 695 F.3d at 631 (citing *Jajeh v. Cty. of Cook*, 678 F.3d 560, 570 (7th Cir. 2012)); *Cardenas*, 114 F. Supp. 3d at 595.

According to Plaintiff, after taking FMLA leave, Joyce started to "watch her like a hawk" and point out every mistake she made. (Compl. ¶ 17.) In addition, Plaintiff alleges that Joyce imposed a second PIP after Plaintiff took several FMLA leave days to care for her daughter. (*Id*. ¶ 24.) Plaintiff's second PIP could not be extended for missed work due to approved FMLA days. (*Id*. ¶¶ 27–28.) Finally, Plaintiff alleges that she took eleven and a half days of FMLA leave between August 15 and September 2, 2014, and was terminated one day after a FMLA leave day on September 3, 2014. (*Id*.) This circumstantial evidence supports a causal connection between Plaintiff's requested FMLA leave and Defendants' ultimate decision to terminate her job. Therefore Defendants' motion to dismiss the FMLA discrimination/retaliation claim against CTCA is denied.

### ii. *Defendant Joyce*

As discussed above, to be held individually liable, Plaintiff must allege that Defendant Joyce is at least partially responsible for the alleged FMLA retaliation. *Evans*, 2000 WL 1161075, at *3. We find that Plaintiff sufficiently alleged that Defendant Joyce was partially responsible for the alleged FMLA retaliation. Plaintiff alleges that Joyce began "watching her like a hawk" after Plaintiff took FMLA approved leave and that Joyce placed Plaintiff on a second PIP after Plaintiff took FMAL approved leave. (Compl. ¶¶ 24, 27–28.) Accordingly, Defendant Joyce's motion to dismiss Count II is denied.

### C. ADA Associational Discrimination Claim (Count III)

In her third count, Plaintiff brings a claim for associational discrimination under the ADA. (Compl. ¶¶ 47–58.) To support a claim for associational discrimination, Plaintiff must show: "(1) she was qualified for the job at the time of the adverse employment action; (2) she was subjected to an adverse employment action; (3) she was known by her employer at the time to

have a relative or associate with a disability; and (4) her case falls into one of the three relevant categories of expense, distraction, or association."[2] *Magnus v. St. Mark United Methodist Church*, 688 F.3d 331, 336–37 (7th Cir. 2012); *Larimer.* 370 F.3d at 701.

Plaintiff's associational discrimination claims fails because Plaintiff does not sufficiently allege that her children suffered from a qualifying disability for the purposes of the third element. "An individual is considered to have a disability under the ADA if (1) he has an impairment that substantially limits one or more of his major life activities; (2) he has a record of such an impairment; or (3) his employer regards him as having such an impairment." *Burnett*, 472 F.3d at 483; *see* 42 U.S.C. § 12102(2). "'[D]isability' under the ADA and 'serious health condition' under the FMLA are distinct concepts that require different analyses." *Burnett*, 472 F.3d at 483 (citing *Rhoads v. F.D.I.C.*, 257 F.3d 373, 387 n.12 (4th Cir. 2001)); *see also Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 566–67, 119 S. Ct. 2162, 2164 (1999) (finding that a case-by-case assessment is required to determine whether certain health conditions qualify for a disability).

Plaintiff alleges that her children had serious health problems, but nowhere labels her children's health problems as "disabilities." (Compl. ¶¶ 11–12.) In fact, Plaintiff does not provide any information as to her children's health problems so to support an inference that her children were "disabled" under the ADA. Accordingly, Defendants' motion to dismiss Count III is granted.

---

[2] Based on Plaintiff's complaint, it appears that Plaintiff relies on the distraction theory to support her claim for associational discrimination. (Compl. ¶ 50.) The distraction theory relates to an employee who "is somewhat inattentive at work because his spouse or child has a disability that requires his attention, yet not so inattentive that to perform to his employer's satisfaction he would need an accommodation, perhaps by being allowed to work shorter hours." *Larimer v. Int'l Bus. Machines Corp.,* 370 F.3d 698, 700 (7th Cir. 2004).

### D. IHRA Associational Discrimination Claim (Count IV)

Lastly, Plaintiff brings an associational discrimination claim under the IHRA. (Compl. ¶¶ 59–63.) While the IHRA prohibits unlawful disability discrimination, the Act does not include a provision related to associational discrimination. 775 ILCS 5/2–101, 103 (2014) (defining unlawful discrimination as "discrimination against a person because of his or her race, color, religion, national origin, ancestry, age, sex, marital status, order of protection status, disability, military status, sexual orientation, pregnancy, or unfavorable discharge from military service"). Accordingly, Defendants' motion to dismiss Count IV is granted.[3]

### CONCLUSION

For the reasons discussed in detail above, we grant Defendants' motion to dismiss Counts III and IV, but deny the motion on Count I and II. It is so ordered.

                                                     */s/ Marvin E. Aspen*

                                        Marvin E. Aspen
                                        United States District Judge

Dated: March 8, 2016
         Chicago, Illinois

---

[3] Additionally, Plaintiff failed to defend this claim in response to Defendants' motion to dismiss and thus, waives Count IV. (Dkt. No. 13, Resp. to CTCA MTD.) *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010); *Gunty v. Exelon Corp.*, No. 14 CV 4756, 2014 WL 5622987, at *2 (N.D. Ill. Nov. 4, 2014). Facing a motion to dismiss, the non-moving party has the duty to "proffer some legal basis to support [her] cause of action. The federal courts will not invent legal arguments for litigants." *Gunty*, 2014 WL 5622987, at *2 (citing *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995)); *see also Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999).